IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 15-cv-1775-WJM-MJW

ERIC VERLO,
JANET MATZEN, and
FULLY INFORMED JURY ASSOCIATION,

    Plaintiffs,

v.

THE CITY AND COUNTY OF DENVER, COLORADO, a municipality,
ROBERT C. WHITE, in his official capacity as chief of police for Denver, and
CHIEF JUDGE MICHAEL MARTINEZ, in his official capacity as chief judge of the Second Judicial District,

    Defendants.

## ORDER GRANTING MOTION FOR ORDER TO SHOW CAUSE

Before the Court is Plaintiffs' Motion for Order to Show Cause Why Defendant Robert C. White Should Not Be Held in Contempt of Court ("Motion"). (ECF No. 29.) The Motion claims that Denver Police officers interrupted Plaintiffs' protest at the Lindsey-Flanigan Courthouse Plaza on the morning of August 26, 2015. (*Id.* ¶¶ 3–4.) The Motion further claims that the Denver Police "seized . . . [a]ll literature regarding jury nullification including about 1,000 pamphlets, a small shade shelter, a table, four chairs, buckets, a cooler, signs and other items." (*Id.* ¶ 4.)

In response (*see* ECF No. 31 at 3–4), Denver states that it was enforcing Denver Municipal Code provisions regarding erection of unpermitted "encumbrances" on public rights-of-way, and that such enforcement does not fall within this Court's August 25, 2015 Injunction (ECF No. 28). Denver further states that it did not seize pamphlets or

signs. (ECF No. 31 at 7–8.) Denver has submitted several video recordings of the incident, all of which appear to corroborate its story that no pamphlets or signs were seized and that the protest was allowed to continue absent the "encumbrances." (*See* ECF Nos. 31-2, 31-3.) However, the placement of the cameras and the quality of the video is not sufficient to conclusively say that Denver Police left the pamphlets and signs in place.

Given the obvious disparities between Plaintiffs' and Denver's respective accounts of the incident, the Court ORDERS as follows:

1. Plaintiffs' Motion for Order to Show Cause Why Defendant Robert C. White Should Not Be Held in Contempt of Court (ECF No. 29) is GRANTED.

2. Defendant Robert C. White, in his official capacity as Denver police chief, is ORDERED TO SHOW CAUSE why Denver should not be held in contempt for violating this Court's August 25, 2015 Injunction.

3. No later than **10:00 a.m. on Monday, August 31, 2015**, Plaintiffs and Denver SHALL FILE briefing addressing at least the following:

    a. Any evidence they possess supporting or rebutting Plaintiffs' accusation that Denver Police confiscated pamphlets, signs, or other material objects conveying a jury nullification message.

    b. How Denver Police violated or did not violate this Court's August 25, 2015 Injunction by seizing any of the items logged on Denver's Exhibit D (ECF No. 31-4).

    c. How enforcement of the Denver Municipal Code sections attached as Denver's Exhibit A (ECF No. 31-1) does or does not constitute a violation

       of this Court's August 25, 2015 Injunction.

   d.    Why Plaintiffs' claim of First Amendment retaliation (*see* ECF No. 29 ¶¶ 10–11) is or is not more appropriately asserted in an amended complaint rather than as a basis for contempt.

   e.    Appropriate sanctions, assuming *arguendo* the Court finds that Denver has violated of the Injunction.

4.   The Court will hold an **evidentiary hearing and oral argument on Tuesday, September 1, 2015, at 9:30 a.m. in Courtroom A801**.  The Court has reserved 2.5 hours for this hearing.  The parties are reminded of the undersigned's Revised Practice Standards with regard to evidentiary hearings, with particular emphasis on WJM Revised Practice Standard V.F.1, which requires the parties to meet and confer regarding the proposed exhibits and, to the maximum extent possible, stipulate to the authenticity and admissibility thereof.

5.   No party argues that the Second Judicial District was involved in this most recent incident.  If the Second Judicial District intends to involve itself in these contempt proceedings, it SHALL FILE a notice to that effect no later than **10:00 a.m. on Monday, August 31, 2015**, and shall therein explain its interest in these contempt proceedings.  In the same filing, it may also address any issue raised in ¶ 3, *supra*.

6.   Regardless of whether the Second Judicial District takes part in these contempt proceedings, counsel for the Second Judicial District SHALL APPEAR at the September 1 hearing and be prepared to address whether, in light of

Mr. Steadman's testimony at the Preliminary Injunction Hearing, the August 21, 2015 Plaza Order will remain in effect now that Dexter Lewis will not receive the death penalty.

Dated this 28th day of August, 2015.

BY THE COURT:

William J. Martinez
United States District Judge