IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-01775-WJM-MJW

ERIC VERLO,
JANET MATZEN, and
FULLY INFORMED JURY ASSOCIATION,

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, COLORADO,
ROBERT C. WHITE, and
CHIEF JUDGE MICHAEL MARTINEZ,

Defendants.

---

MINUTE ORDER

---

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that the Motion to Quash and for Protective Order from Subpoenas to Testify at a Deposition in a Civil Action from Non-Parties Mitchell R. Morrissey and S. Lamar Sims (**Docket No. 69**) is **GRANTED** for the following reasons.

No party disputes the applicable legal standards under Fed. R. Civ. P. 26 and Fed. R. Civ. P. 45, and Movants neither deny that they have relevant evidence nor argue that the subpoenas are unduly burdensome. Instead, they make three arguments: (1) that allowing the depositions would violate the *Younger* abstention doctrine; (2) that the testimony is protected by a variety of evidentiary privileges; and (3) that the depositions are inappropriate in light of the "apex" doctrine (though Movants do not use that term). The Court agrees as to the evidentiary privileges and, in part, as to the apex doctrine.

### *Younger* Abstention

Movants argue that Plaintiffs' interests are sufficiently intertwined with those of state-court criminal defendants Brandt and Iannicelli that allowing Movants to be deposed would impermissibly interfere with the prosecutions of Brandt and Iannicelli, such that *Younger* abstention is appropriate. *See Hicks v. Miranda*, 422 U.S. 332, 348-49 (1975).  Assuming without deciding that Plaintiffs' interests are indeed sufficiently intertwined, the Court is nonetheless not persuaded that depositions give rise to the comity concerns at the core of *Younger*.  Nothing about these depositions

would in anyway limit Movants from pursuing all the options they would otherwise pursue in the prosecutions of Brandt and Iannicelli. *See Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) ("The relevant case law supports abstention where, as here, federal court oversight of state court proceedings is required, coupled with *significant restrictions on the freedom of attorneys to present information to the court*." (emphasis added)).

A preliminary injunction against further prosecutions has already been entered by Judge Martinez; surely, if *Younger* abstention were implicated in this case, it would have been at that point. Further, the Court fails to see how testifying at a deposition interferes with Movants' ability to do their jobs. Movants call the depositions "fundamentally inappropriate" (Docket No. 69, p.9)—but every person has a duty to provide their relevant evidence to the court. Compelling Movants to honor this duty does not impermissibly tread on Colorado's interests in administering its criminal-justice system.

<u>Evidentiary Privileges</u>

Movants further argue that any relevant testimony they have is protected by (1) the attorney-client privilege, (2) the work-product doctrine, and (3) the law-enforcement privilege (which is a species of deliberative-process privilege).

The attorney-client privilege does not apply, because Movants have identified neither a client nor communications with that client, to which the privilege might be applied.

The work-product doctrine and deliberative-process privilege do apply, however. Plaintiffs argue that the work-product doctrine has no applicability to deposition testimony, as opposed to documents, but the Tenth Circuit disagrees. *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995). It is true that Fed. R. Civ. P. 26(b)(3) does not apply, because on its own terms it applies only to documents and other tangible things, and to work-product prepared by a party to the instant litigation—conditions that rule out any application to third-party deponents. But Rule 26(b)(3) is merely a partial codification of the work-product doctrine; the principles of *Hickman v. Taylor* continue to apply even where Rule 26(b)(3) do not. *See In re Qwest Commc'ns Intern., Inc.*, 450 F.3d 1179, 1184 n.3, 1186 (10th Cir. 2006); *United States v. Deloitte, LLP*, 610 F.3d 129, 136 (D.C. Cir. 2010). In the Tenth Circuit, that means depositions may not inquire into the matters described as "an attorney's mental impressions, conclusions, opinions or legal theories."

> A party may instruct a deposition witness not to answer when necessary to preserve a privilege. Fed.R.Civ.P. 30(d)(1). The work product privilege protects against disclosure of the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed.R.Civ.P. 26(b)(3). The party asserting a work product privilege as a bar to discovery must

> prove the doctrine is applicable. *See Barclaysamerican Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir. 1984). A mere allegation that the work product doctrine applies is insufficient. *See Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984) . . . .
>
> Because the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within work product. *Feldman v. Pioneer Petroleum, Inc.*, 87 F.R.D. 86, 89 (W.D. Okla.1980). Thus [for example], work product does not preclude inquiry into the mere fact of an investigation.

*Dabney*, 73 F.3d at 266.

As Plaintiffs explain it, Movants' testimony is relevant insofar as they can explain their charging decisions. Assuming without deciding that Movants' subjective motives are relevant to the legal claims in this case, the entire field of proposed inquiry relates to Movants' "strategies and legal impressions," rather than to factual development. It is opinion work-product, protected by an absolute and unqualified privilege. *See United States v. Taylor*, 608 F. Supp. 2d 1263, 1267-69 (D. N.M. 2009) (collecting cases and holding that charging practices are subject to work-product and deliberative-process privileges).

Accordingly, the subpoenas served on Mr. Morrissey and Mr. Sims are hereby quashed.

### "Apex" Doctrine

In the interest of being thorough, the Court also finds that the "apex" doctrine would bar deposing Mr. Morrissey. *See EchoStar Satellite, LLC v. Splash Media Partners, L.P.*, 2009 WL 1328226, at * 2 (D.Colo. May 11, 2009) ("Under what has been termed the 'apex doctrine,' a court may protect a high executive officer from the burdens of a deposition upon a showing that (1) the executive has no unique personal knowledge of the matter in dispute; (2) the information sought can be obtained from another witness; (3) the information can be obtained through an alternative discovery method; or (4) severe hardship on the deponent." (citing *Thomas v. Int'l Business Machines*, 48 F.3d 478, 483 (10th Cir. 1995)). Plaintiffs have not suggested that Mr. Morrissey has unique knowledge that cannot be gleaned elsewhere—specifically, from Mr. Sims. Plaintiffs, indeed, characterize Mr. Sims as the "motivating force" for the prosecutions at issue here. (Docket No. 76, p.2.) Accordingly, even if there were non-privileged topics to be inquired into, the Court would nonetheless quash the subpoena served on Mr. Morrissey.

Date: December 17, 2015